F. Soto Gras, Plaintiff and Appellee, *v.* Manuel V. Domenech, Treasurer of Puerto Rico, Defendant and Appellant.

No. 6347. Argued July 10, 1933.—Decided December 20, 1933.

Charles E. Winter, Attorney General, and R. Cordovés Arana, Assistant Attorney General, for appellant. J. J. Ortiz Alibrán and F. Soto Gras for appellee.

ON MOTION FOR REHEARING

Mr. Justice Wolf delivered the opinion of the Court.

After our decision in the above-entitled case, the appellant, the People of Puerto Rico, presented a motion for reconsideration. This motion was duly heard and is now before us. Because other matters have been sufficiently discussed or disposed of in our original opinion or in other jurisprudence of this court, the only question that remains to be considered is whether the District Court of San Juan lacked jurisdiction because the amount sought to be recovered by the plaintiff was less than $500 and the suit should have been filed in a municipal court. The Government bases its

contention on the fact that section 76 of Act No. 74 of 1925 has, according to our decision in *American Colonial Bank* v. *Domenech, Treas.*, 43 P.R.R. 853, been repealed by Act No. 8 of 1927 as to the procedure of payments under protest. Under the act of 1925 it was clear that the taxpayer would have to file his complaint in a district court. However, if that act was repealed, the general provisions of law were applicable. Up to 1925 we shall assume for the moment that a taxpayer had to file a claim for a refund of less than $500 in the municipal court. What we held in *American Colonial Bank* v. *Treasurer, supra,* was that matters of procedure under the act of 1925 had been repealed by the act of 1927. We were not touching upon the question of jurisdiction. Hence we are inclined to agree with the contention of the appellee and the suggestion of the appellant that both acts could co-exist with respect to the question of jurisdiction if the later act had no words showing an intention to give jurisdiction to the municipal court. If both acts may subsist then the intention of the Legislature to require a taxpayer to proceed before a district court was perfectly clear in the act of 1925.

The appellee draws attention to the fact that unless this were so the Treasurer could proceed in a district court for the recovery of anything while a taxpayer could not, and that this disparity of rights of action could hardly have been contemplated by the Legislature.

The appellee maintains that the case of *De Jesús* v. *Gallardo,* 34 P.R.R. 412, could not be applicable because that decision was rendered when the act of 1924 prevailed, which according to the appellee was repealed by the later law. We are of the opinion that the idea that a taxpayer would have to recur to a municipal court was entirely dependent upon the case of *De Jesús* v. *Gallardo, supra*. However, we think the said case was mistaken.

In the first place, in the opinion therein section 3 of Act No. 35 of 1911 was not fully transcribed but only the words

"in a court having competent jurisdiction." The whole section is as follows:

"Be it further enacted that, the party paying said revenue under protest may, at any time within thirty days after making said payment, and not longer thereafter, sue the said Treasurer for said sum, for the recovery thereof in the court having competent juisdiction thereto; and if it be determined that the same was wrongfully collected as not being due from said party to the Government, for any reason going to the merits of the same, the court trying the case may certify of record that the same was wrongfully paid, and ought to be refunded, and thereupon the Treasurer shall repay the same, which payment shall be made in preference to other claims on the Treasury. Either party to said suit shall have the right of appeal to the Supreme Court."

If it were a doubtful case as to whether the words "the court having competent jurisdiction" meant a district or a municipal court, as the case might be, depending upon the amount involved, then the last words of that section would show definitely that a district court was intended. There is no appeal established by law from a municipal court to the Supreme Court.

Furthermore, we do not think it ever was the intention of the Legislature in this sort of proceedings to confer jurisdiction on the municipal courts. When in a statute an extraordinary remedy is given as here, the word "court" would ordinarily mean a court of record and the intention to give a municipal court jurisdiction would have to appear clearly.

In *Calaf* v. *Gallardo*, 36 P.R.R. 131, we assumed the correctness of *De Jesús* v. *Gallardo, supra*. In a motion for reconsideration we discussed the meaning of the words "proper court" as applying to a district court. Evidently, in that case the contention was that the words "the proper court" would permit a party to file a suit in the United States District Court for Puerto Rico.

It was also suggested that our Income Tax Act was taken from the Federal Income Tax Law. We only desire to say

in passing that in total probability if the origin of the act as coming from the United States is to play a part, it seems to us most unlikely that in the United States the words "the proper court" would be held to apply to one not of record.

There are other matters which tend to exclude the idea that the Legislature of Puerto Rico ever had in mind giving a municipal court jurisdiction in cases against the Treasurer. Up to 1911 a taxpayer had the right apparently to file an injunction. The said act of 1911 suppressed all remedies by injunction and caused the taxpayer to pay under protest with a right to recover by suit. It is difficult to imagine that the remedy suppressed would not be compensated by the remedy given, and that a taxpayer could not moot the question that arose before a court of record. However, as we have intimated, we think a careful reading of section 3 of the act of 1911 shows the intention of the Legislature. The case of *De Jesús, supra,* must be considered to be overruled.

The motion for reconsideration will be denied.